[Civ. No. 1311. Second Appellate District.—February 14, 1913.]

ZIERATH COMBINATION DRILL COMPANY (a Corporation), and T. E. AMLIN, Petitioners, v. P. W. CROAKE, Respondent.

CORPORATIONS—ELECTION OF DIRECTORS—TELLER RETURNING BALLOTS TO VOTERS FOR CORRECTION.—Where the members of one faction, at a stockholders' meeting for the election of directors, deliver their ballots to the teller without marking them cumulative, it is proper for the teller, before the ballots are canvassed or an election declared, to return the ballots to the stockholders who cast them in order that they may be corrected to show a cumulation of votes and thus express the true intention of the voters.

ID.—CORPORATE ELECTIONS—MANNER OF CONDUCTING—TECHNICALITIES. Corporation elections are business affairs, not controlled by the laws affecting general elections, and should be conducted in a business way and in a manner affording all stockholders the fullest liberty in expressing their wishes, disregarding technical matters which enter into general elections controlled and restricted by special statutes.

APPLICATION for Writ of Mandate to the secretary of a corporation to compel the surrender of the books, seal, etc. of the corporation.

The facts are stated in the opinion of the court.

Olin Wellborn, Jr., and Alfred H. McAdoo, for Petitioners.

H. H. Appel, and Edward J. Dennison, for Respondent.

THE COURT.—At the annual meeting of the stock-holders, held for the purpose of electing a board of five directors which should manage the corporate business of petitioner, it was developed that two factions among the stockholders were represented, each seeking supremacy in such board.   The election was, of course, by ballot, and one faction delivered to the tellers their ballots upon which appeared only three names without any suggestion thereon that such votes should be cumulated.   The other faction through their ballots cumulated their votes.   Before all of the ballots were delivered and before any were canvassed or an election declared, the teller called attention to the failure of one faction to mark their ballots cumulative, and thereupon those stockholders who had theretofore deposited their ballots with the teller asked to have the same considered as cumulative, or that the same be returned to them for correction.   The teller, against the objections of the other faction, returned such ballots to the stockholders who had cast the same and they were so corrected as to show a cumulation of votes for the three names written thereon, and such ballots were returned so corrected to the teller.   By reason of such corrected ballots the election resulted in the selection of three persons as directors whose names appeared on the corrected ballots.   After such election the board organized and a new secretary was elected, who duly demanded of respondent, the former secretary, the surrender of the books, seal, etc., of the corporation, which was refused; hence this proceeding to compel such surrender.

The sole question presented relates to the regularity of the proceedings with reference to the permission to correct the ballots.   We are of opinion that, the same being discovered before the final vote was cast, and before any canvass or result of election was announced, it was proper to permit the correction of the ballots that they might express the true intention of the stockholders.   Corporation elections are business affairs, not controlled by the laws affecting general elections, and should be conducted in a business way and in a manner affording all stockholders the fullest liberty in expressing their wishes, disregarding technical matters which enter into general elections controlled and restricted by special statutes.   The result obtained, in the absence of any

acts constituting fraud as to the minority, is clearly one which was in harmony with the wishes of the majority of the stockholders.

The alternative writ should be made peremptory, and it is so ordered.